LARRÍNAGA, PLAINTIFF AND APPELLANT, *v.* PORTO RICO RAILWAY, LIGHT AND POWER COMPANY ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action of Ejectment with Damages.

No. 2120.—Decided July 15, 1920.

APPEAL—TRANSCRIPT OF RECORD—JURISDICTION.—When the transcript does not show the date on which the notice of appeal was filed in the clerk's office it cannot be claimed that the Supreme Court has acquired jurisdiction of the appeal.

ID.—ID.—An order dismissing the complaint for the reasons stated in the opinion included in the record and ordering the clerk to enter judgment in due form is not appealable.

ID.—ID.—JUDGMENT.—As an appeal is not taken from the opinion containing the grounds on which the judgment is based, but from the judgment itself, when the judgment which the clerk should have entered is not included in the transcript the appeal will be dismissed.

The facts are stated in the opinion.
*Messrs. W. Sweet* and *P. C. Timothee* for the appellant.
*Mr. J. H. Brown* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

According to the transcript of the record brought here for the purposes of this appeal, in the minutes of the trial court there appears an order of the court of April 21, 1919,

dismissing the complaint for the reasons stated in the opinion included in the record and directing the clerk to enter judgment in due form. The said opinion is dated a day later and sets out that as the court finds that the amended complaint did not allege facts sufficient to constitute the cause of action for damages and that the action is barred by limitation, the conclusion is that the complaint should be dismissed without special imposition of costs and the clerk should enter judgment in accordance with the opinion. The transcript of the record does not contain the judgment which the clerk should have entered and the notice of appeal addressed by the plaintiff to the clerk and the defendants reads as follows:

"GENTLEMEN: You are hereby notified that the plaintiff in this case appeals from the order or final judgment of this court rendered and entered on the twenty-second (22) of May, nineteen hundred and nineteen, in favor of the defendant * * * San Juan, May 12, 1919 * * *."

This notice was served on the attorney for the defendants on May 15, 1919, and is included in the record, according to the certificate of the clerk, but the transcript of the record does not give the date on which it was filed in the clerk's office.

Considering that the notice was served on the attorney for the defendants on May 15, 1919, and that it is dated the 12th of the same month and year, we may conclude that it contains an error as to the month in the date of the order or judgment appealed from and that through inadvertence May was written instead of April; but even in such a case, it is the opinion of the court that is dated April 22, 1919, and the appeal is not from the opinion of the judge, but from the judgment.

Besides, in order to give this court jurisdiction of an appeal it is necessary, according to section 296 of the Code of Civil Procedure, that within the time allowed by law for

taking the appeal a notice be filed with the clerk of the court in which the judgment or order appealed from was rendered or entered, stating that the party appeals therefrom, and also that similar notice be given to the adverse party or his attorney, but as there is no showing as to the date on which the notice of appeal was filed by the plaintiff in the clerk's office of the court, it does not appear affirmatively from the transcript that the appeal was perfected within the time allowed by law and that therefore we have acquired jurisdiction of this appeal.·

Moreover, although the appeal had been perfected within the time allowed by law, and even admitting also that the appeal was not taken from the opinion of the court, but from the order of April 21, 1919, the fact would remain that the said order is not appealable, according to section 295 of the Code of Civil Procedure, and that as the appeal should have been taken from the judgment which the clerk should have entered as a result of the order of April 21, 1919, that judgment, if it was entered, has not been included in the transcript, which is absolutely necessary in order to give this court jurisdiction of the appeal. *Olivari* v. *Succession of Ramos,* 20 P. R. R. 96, and cases therein cited.

The appeal taken by the plaintiff must be

*Dismissed.*

Chief Juticse Hernández and Justices Wolf, del Toro and Hutchison concurred.